1

2

3

4

5

6

7               IN THE UNITED STATES DISTRICT COURT

8             FOR THE EASTERN DISTRICT OF CALIFORNIA

9   JOSEPH A. SHERMAN,

10          Plaintiff,                    No. CIV S-04-2320 LKK EFB PS

11      vs.

12  CITY OF DAVIS,                        ORDER AND FINDINGS &
                                          RECOMMENDATIONS
13

14          Defendant.
                                   /

15          On August 28, 2006, this action, in which plaintiff is proceeding pro se, was

16  referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21).[1]   Currently before the

17  court are several procedural motions set forth below.

18          This case, one of many plaintiff has filed in this court, has had a fitful start.

19  Plaintiff is suing under 42 U.S.C. § 1983 seeking $40 million in damages for alleged violations

20  of his federally-protected rights under the Fourth, Sixth and Fourteenth Amendments to the U.S.

21  Constitution.  He bases his claims on several specifically identified arrests of him by Davis

22  police officers.  Plaintiff's application to proceed *in forma pauperis*, which plaintiff filed while

23  a prisoner in the Yolo County Jail, was granted on February 14, 2005.  Plaintiff filed a proof of

24  service of process upon the defendant, the City of Davis, only after being ordered to do so in an

25

26      [1] By order dated August 28, 2006, this case was assigned to the undersigned due to the
    retirement of Magistrate Judge Peter A. Nowinski.

1

1   order issued June 7, 2005.  Defendant filed an answer July 15, 2005.  Plaintiff thereafter filed an

2   "Addendum to Complaint" which this court construed as a motion for leave to serve and file a

3   supplemental complaint pursuant to Fed. R. Civ. P. 15(d).  The court granted the motion but

4   directed plaintiff to serve and file one comprehensive complaint encompassing all claims and

5   superseding the original complaint.  E. D. Cal. L. R. 15-220.  Upon plaintiff's further request, the

6   court relented and ordered that plaintiff 's "addendum" would remain a supplemental complaint

7   and directed defendant to file one comprehensive answer, which the City of Davis filed on

8   November 18, 2005.

9           On November 28, 2005, the court ordered the parties to file separate status reports

10  by January 20, 2006.  Both parties complied.  However, plaintiff also filed several motions that

11  are now the subject of this order.  Plaintiff's motions included: a "Motion for Trial Scheduling to

12  be Subject to Resolution of Habeas Reviews of Involved Cases" (filed December 6, 2005),

13  opposed by defendant (December 28, 2005); a document entitled "Motion for Amendment to

14  Complaint; Motion for Discovery; Motion for Court Vigilence [*sic*] in Spirit of Justice" (filed

15  January 27, 2006), opposed by defendant (February 17, 2006); and an "Amendment to Status

16  Report and Opposition to Status Report" (filed February 1, 2006).  On September 8, 2006,

17  plaintiff filed a "Request to Expedite Proceedings."  Defendant did not oppose this "request."

18  The court addresses each of these motions in turn.

19  MOTION REGARDING TRIAL SCHEDULING AND RELATED HABEAS CASES

20          On December 6, 2005, plaintiff filed a "Motion for Trial Scheduling to be Subject

21  to Resolution of Habeas Reviews of Involved Cases ("Motion for Trial Scheduling")," which

22  defendant opposed. It appears from this motion that plaintiff seeks to stay this action until

23  various habeas petitions he filed are resolved.  The "motion" mentions four arrests, all of which

24  are addressed in the complaint.  These four arrests appear to be the subject of three separate

25  ////

26  ////

1   habeas petitions, all of which are still pending.[2]   As explained below, controlling precedent

2   requires that the claims with implicated the propriety of the arrest and conviction must be

3   dismissed and not merely stayed.

4                In its opposition to the "motion" defendant requests that the court dismiss

5   plaintiff's claims regarding those four arrests for failure to state a claim.[3]   Defendant bases

6   request for dismissal on 28 U.S.C. § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2) ("the court shall

7   dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on

8   which relief may be granted.)  In the alternative, defendant asks the court to strike those claims

9   from the complaint.  Specifically, defendant argues that plaintiff's claims with regard to these

10  four arrests should be dismissed because plaintiff cannot establish that the convictions or

11  sentences have been invalidated, expunged or reversed, as required in cases for damages under

12  § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

13               In *Heck v. Humphrey*, an Indiana state prisoner brought a civil rights action under

14  § 1983 for damages.  Claiming that state and county officials violated his constitutional rights,

15  he sought damages for improprieties in the investigation leading to his arrest, for the destruction

16  of evidence, and for conduct during his trial ("illegal and unlawful voice identification

17  procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term,

18  _____

19        [2] Plaintiff "makes a motion for trial to be scheduled upon plaintiff's obtaining habeas
    relief in *3 cases* that constitute a large part of the claims against defendant, including violations
    of [plaintiff's] rights in the Yolo County Library on 25 Nov. 2003, . . . at Albertson's on 14 Sept.
20  2003, . . . at Long's Drugs on 26 May 2004, and . . . at Nugget Market on 16 June 2004." *See*
    Motion For Trial Scheduling, at p.1 (emphasis added). These incidents – arrests of plaintiff by
21  defendant – are only some of the arrests referenced in the complaint and the "addendum to
    complaint."  Plaintiff then states that "*2 cases* are pending petition for habeas relief in the
22  Eastern District court, [and that] *one* is currently on petition for review in the CA Supreme
    Court." *Id*. (emphasis added).  Thus, it appears that plaintiff currently has three separate pending
23  habeas petitions regarding four (of the many) of the arrests underlying the complaint.  The court
    notes that all three habeas petitions appear to be currently pending in federal rather than state
24  court. *See* 2:06-cv-00016 GEB DAD, 2:06-cv-00017 DFL GGH, 2:06-cv-00018 FCD KJM.

25        [3] Although not properly captioned as such, defendant's opposition includes a counter-
    motion to dismiss.  In the interest of judicial economy, the court will address the plaintiff's
26  motions and the counter-motion to dismiss in this same order

1  plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court

2  affirmed the Court of Appeal's dismissal of the complaint and held that:

3          in order to recover damages for allegedly unconstitutional
           conviction or imprisonment, or for other harm caused by actions
4          whose unlawfulness would render a conviction or sentence invalid,
           a § 1983 plaintiff must prove that the conviction or sentence has
5          been reversed on direct appeal, expunged by executive order,
           declared invalid by a state tribunal authorized to make such
6          determination, or called into question by a federal court's issuance
           of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
7          bearing that relationship to a conviction or sentence that has not
           been so invalidated is not cognizable under 1983.

8

9  *Heck,* 512 U.S. at 486.  The Court expressly held that a cause of action for damages under §

10 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence

11 has been invalidated, expunged or reversed.  *Id.*

12          Defendant argues that because plaintiff has established that at least four of the

13 arrests mentioned in the complaint remain valid, the court should dismiss them.  However, it is

14 not entirely clear that plaintiff is merely challenging the lawfulness of these arrests and

15 convictions.  Rather, he also appears to include allegations of excessive force by defendant in

16 making at least one of those arrests.  *See* Complaint, at ¶ 6 (concerning the Nugget Market arrest,

17 and alleging that defendants "committed unnecessary roughness . . . slamming me to the

18 sidewalk, bruising my hip, my shoulder . . .").  To the extent plaintiff alleges that defendant

19 lacked probable cause to arrest him and brought unfounded criminal charges against him, it is

20 clear that such claims are barred by *Heck*.  Plaintiff may challenge the validity of his arrest,

21 prosecution and conviction only by writ of habeas corpus.  *Smithart v. Towery*, 79 F.3d 951, 952

22 (9th Cir. 1996).  Claims for excessive force, however, do not implicate the validity or invalidity

23 of plaintiff's arrests or convictions and therefore are not barred by *Heck*.  *Smithart* 79 F.3d at

24 952.

25          Accordingly, to the extent the complaint challenges the validity of the four arrests

26 currently under habeas review, those claims must be dismissed for failure to state a claim based

1  on *Heck*.  However, to the extent the complaint makes excessive force claims with regard to

2  those arrests, such claims are not barred by *Heck* and should not be dismissed for failure to state

3  a claim.  For these reasons, the court recommends that plaintiff's claims challenging the validity

4  of the four arrests currently under habeas review be dismissed from the complaint, but that any

5  claims for excessive force with regard to those arrests not be dismissed.  The court has reviewed

6  both the Complaint and the "Addendum" for any claims of excessive force with regard to the

7  four arrests currently under habeas review, and finds that plaintiff makes such a claim only with

8  regard to the arrest at the Nugget Market on June 16, 2004.  *See* Compl., at ¶ 6.  Therefore,

9  pursuant to 28 U.S.C. § 1915(e)(2), court recommends that paragraphs 1, 3, and 5 of the

10  Complaint (concerning the arrests at Long's Drugs, Albertson's, and the Yolo County Library)

11  be dismissed for failure to state claim based on *Heck v. Humphrey*, 512 U.S. at 486-87.  It is

12  further recommended that defendant's motion to dismiss paragraph 6 of the Complaint

13  (concerning the arrest at Nugget Market) be denied.  The court further recommends that

14  plaintiff's request to stay the action pending resolution of the habeas petition be denied.

15  MOTION FOR "AMENDMENT TO COMPLAINT", DISCOVERY, AND "VIGILANCE"

16          On January 27, 2006, plaintiff filed a "Motion for Amendment to Complaint;

17  Motion for Discovery; Motion for Court Vigilence [*sic*] in Spirit of Justice."  Plaintiff's

18  "motion" appears to be a request to amend his complaint yet again, this time to include

19  additional claims for false arrests, and other acts allegedly violating plaintiff's constitutional

20  rights.  Plaintiff attaches to this "motion" a long list of what he terms "violative acts" by

21  defendant, most of which plaintiff identifies as false arrests and false imprisonments.  This list

22  includes acts alleged to have occurred between 1999 and 2003.

23          A plaintiff may amend his complaint once as a matter of right.  Fed. R. Civ. P.

24  15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written

25  consent of the adverse party. . . ."  *Id*.  Under Rule 15(a), leave to amend should be granted

26  freely until the defendant files a responsive pleading.  After that point, leave to amend should be

1   granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is

2   futile, or creates undue delay.  The district court's discretion to deny leave to amend is

3   particularly broad where plaintiff has previously amended the complaint.  *Ascon Properties, Inc.*

4   *v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989).

5           Defendant opposes plaintiff's motion, arguing that granting plaintiff leave to

6   amend would be inappropriate because all of the newly alleged acts occurred prior to the filing

7   of plaintiff's original complaint and when plaintiff previously requested leave to amend.[4]

8   Defendant also points out that the majority of events in plaintiff's "list" are barred by the statute

9   of limitations.

10          Claims made under 42 U.S.C. § 1983 are governed by the forum state's statute of

11   limitations for personal injury.  *Wilson v. Garcia*, 471 U.S. 261, 269 (1985);  *Johnson v. State of*

12   *California*, 207 F.3d 650, 653 (9th Cir. 2000).  The statute of limitations for personal injury

13   actions in California is one year.  The statute was revised in 2002 and set forth in Cal. Civ. Proc.

14   Code § 335.1, which extends the limitations period from one year to two years, and has an

15   effective date of January 1, 2003.  The new statute does not apply retroactively.  *Krupnick v.*

16   *Duke Energy Morro Bay*, 115 Cal. App. 4th 1026, 1028-29 (2004).  Therefore, the one-year

17   statute of limitations as formerly set forth in Cal. Civ. Proc. Code 340(3), applies to the majority

18   of incidents on plaintiff's list, i.e., those that occurred prior to January 1, 2003.  Thus, plaintiff's

19   claims governed by the one-year statute of limitations (those claims concerning events that

20   occurred before January 1, 2003), are barred by the statute of limitations.  Allowing plaintiff to

21   amend his complaint to include those claims would be a futile exercise since such claims would

22   undoubtedly be dismissed as time-barred.

23   ////

24

25   [4] Plaintiff filed the original complaint on November 2, 2004, and an "Addendum to
     Complaint" on July 22, 2005, which the court construed as a supplemental complaint.  The court
     found good cause to depart from Local Rule 15-220, which requires that the complaint and
26   supplemental complaint be combined in one document.

1    Contrary to plaintiff's assertions, the "continuing violation theory" cannot save

2    those claims from the statute of limitations.  "Discrete discriminatory acts are not actionable if

3    time barred, even when they are related to acts alleged in timely filed charges." *Carpinteria*

4    *Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (quoting *Nat'l*

5    *R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).  In *Carpinteria*, the plaintiff

6    brought an action under 42 U.S.C. § 1983 based on a number of discrete acts by the county, each

7    of which allegedly violated plaintiff's constitutional rights.  The court declined to apply the

8    "continuing violation theory" in this context, and held that the time-barred acts could not be used

9    to support plaintiff's claims of constitutional violations under 42 U.S.C. § 1983, but that such

10    acts could serve as evidence to "establish motive and put his timely-filed claims in context." *Id.*

11    at 829.  Thus, each of the discrete, time-barred acts alleged by plaintiff cannot be included as

12    actionable claims in this action.  The "continuing violation" doctrine does not apply in this case,

13    and as discussed above, allowing plaintiff to amend the complaint to include claims outside the

14    limitations period would be a futile exercise.  Plaintiff may, however, attempt to use them as

15    evidence later in the proceedings.

16    The court notes that plaintiff does mention certain incidents that allegedly

17    occurred in "Winter" or "Spring" of 2003, which may therefore be unaffected by the statute of

18    limitations.  Any incidents that occurred on or after January 1, 2003, would be governed by the

19    two-year statute of limitations period set forth in  Cal. Civ. Proc. Code § 335.1, and would not be

20    barred as actionable claims under the "relation back" doctrine if the court allowed the complaint

21    to be amended.  However, amendment is not proper where the plaintiff knew about facts giving

22    rise to a claim but failed to include them in the original complaint. *EEOC v. Boeing Co.*, 843

23    F.2d 1213, 1222 (9th Cir. 1988) ("Where the party seeking amendment knows or should know of

24    the facts upon which the proposed amendment is based but fails to include them in the original

25    complaint, the motion to amend may be denied.").  Plaintiff not only knew about these newly

26    alleged incidents when he filed the original complaint, he knew about them when he filed his

1   supplemental complaint.  Defendant has already filed two answers to plaintiff's complaints.

2   Another amendment would result in further delay of these proceedings, increased burdens on the

3   defendant and the court, and would be futile with regard to those events barred by the statute of

4   limitations.  Moreover, plaintiff has already been granted an opportunity to amend his complaint,

5   at which time he was fully aware of these newly alleged incidents.  Accordingly, the court

6   RECOMMENDS that plaintiff's motion to amend the complaint be denied.

7           As to plaintiff's "motion for discovery and motion for court vigilance in spirit of

8   justice" filed simultaneously with plaintiff's motion to amend, the court denies both motions.  As

9   defendant points out in its opposition, any motion regarding discovery is not ripe.  The court will

10  address discovery deadlines in a separately issued scheduling order.  Further, the Federal Rules

11  of Civil Procedure do not contemplate any motion for "court vigilance," nor is it clear what

12  plaintiff seeks by such a motion.  The court therefore denies it.

13  "AMENDMENT TO STATUS REPORT" & "MOTION TO EXPEDITE PROCEEDINGS"

14          On February 1, 2006, plaintiff filed an "Amendment to Plaintiff [*sic*] Status

15  Report and Opposition to Defendant's Proposed 'Timelines.'"  Plaintiff calls defendant's

16  proposed time lines "unreasonable, without good cause, and a mockery of the justice system."

17  Plaintiff proposes various dates, including a proposed trial date less than two months after the

18  date of the motion (March 29, 2006).  Plaintiff also requests "the right to future extention [*sic*] of

19  schedule if necessary to secure habeas relief from involved cases: Yolo Cty cs 03-7477

20  (currently on petition  for Writ of Habeas with E.D. of Ca. Court, Civ S-06-16 GEB DAD), 04-

21  3910 (currently on Petition with court, Civ S-06-18 FCD KJM), 04-4128 (currently on petition

22  with court , Civ S-06-17 DFL GGH)."   Upon brief review of these petitions, it appears that they

23  relate to the same arrests discussed in footnote 2, above.  Again, as explained above, the

24  pendency of these habeas petitions has no effect on the remaining claims in the action.

25  Moreover, as discussed above, the court recommends plaintiff's claims in this action related to

26  the validity of those arrests and convictions be dismissed based on *Heck v. Humphrey*.  Only

1   plaintiff's claims regarding excessive force concerning those arrests should remain as claims in

2   the present action (in addition to the other claims not addressed in this opinion).  Furthermore,

3   the court finds the dates proposed by plaintiff unreasonable given the current posture of the

4   litigation.

5             On September 8, 2006, plaintiff filed a "Motion to Expedite Proceedings."  This

6   motion renews plaintiff's requests regarding scheduling.  The court denies this motion and will

7   address scheduling in a separately issued order.

8             Accordingly, IT IS ORDERED that:

9             1. Plaintiff's "Motion for Discovery and Motion for Court Vigilance in Spirit of

10  Justice" is DENIED.

11            2.  Plaintiff's motion to "expedite the proceedings" is DENIED.

12            IT IS RECOMMENDED that:

13            1.  Pursuant to 28 U.S.C. § 1915(e)(2), paragraphs 1, 3, and 5 of the Complaint

14  (challenging the validity of the arrests at Long's Drugs, Albertson's, and the Yolo County

15  Library, which are currently under habeas review) be dismissed for failure to state claim based

16  on *Heck v. Humphrey*, 512 U.S. at 486-87;

17            2.  Defendant's request to dismiss paragraph 6 of the Complaint (concerning the

18  arrest at Nugget Market on June 16, 2004) be granted in part with regard to the allegations

19  challenging the validity of the arrest, and be denied in part with regard to the allegations

20  regarding excessive force;

21            3. Plaintiff's request to stay the action pending resolution of the habeas petitions

22  be denied; and

23            4.  Plaintiff's motion to amend the complaint be denied.

24            These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

26  after being served with these findings and recommendations, any party may file written

9

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

3  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

4  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

5  1991).

6  DATED:   November 8, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE