1
2
3
4
5
6
7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JOSEPH A. SHERMAN,

11           Plaintiff,                    No. CIV S-04-2320 LKK EFB PS

12       vs.

13  CITY OF DAVIS,                         <u>ORDER AND FINDINGS</u>
                                           <u>& RECOMMENDATIONS</u>
14           Defendant.
    _____/

15

16       This action, in which plaintiff is proceeding pro se, was referred to this court by Local

17  Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has filed an onslaught of

18  motions, requests and various other documents, which this opinion seeks to address.

19  **I.    "OBJECTION TO TRIAL SCHEDULING ORDER & MOTION & AFFIDAVITS**
         **FOR TEMPORARY RESTRAINING ORDER"**
20

21       First, the court addresses plaintiff's document entitled, "Objection to Trial Scheduling

22  Order & Motion & Affidavits for Temporary Restraining Order."  After determining that this

23  motion failed to comply with the Local Rules for noticing and filing a motion for temporary

24  restraining order (and that the motion was frivolous), the court concluded that oral argument

25  ////

26  ////

                                           1

1   would not materially assist the court in resolving this motion.[1]  However, despite plaintiff's

2   failure to comply with the local rules or file adequate briefing in support of his motion, the court,

3   mindful of his pro se status, has reviewed the documents filed by plaintiff.[2]

4        Plaintiff's motion seeks an order to enjoin "Davis Police officers to cease and refrain

5   from all criminal acts against plaintiff, all acts of harassment, and specifically all acts of

6   unreasonable seizure under guise of citizen's arrest."  Plaintiff alleges that the Davis police have

7   "for many years . . . scare[d] citizens into discriminating against plaintiff by watching him and

8   then tweeking their sirens repeatedly if anyone becomes too sociable with him, creating a

9   chilling effect."  Plaintiff seems to claim that the Davis Police effectuate these arrests without

10  probable cause and asks that they be ordered to cease such conduct.  Specifically, plaintiff

11  requests an order that defendant "be ordered to cease and refrain from any and all threats of

12  seizure without probable cause, and to cease from all harassing and discriminatory acts."

13       Defendant opposes plaintiff's motion, and argues that plaintiff has failed to make a

14  necessary showing of imminent, irreparable harm to warrant immediate injunctive relief.  The

15  court agrees.

16        Plaintiff's motion is subject to essentially the same standards as a motion for preliminary

17  injunction, with the exception that a temporary restraining order implies a greater urgency to

18  prevent immediate irreparable harm.  A preliminary injunction represents the exercise of a very

19  far reaching power never to be indulged except in a case clearly warranting it, *Dymo Indus. v.*

20  _____

21       [1] Local Rule 65-231(c) provides that no hearing on a temporary restraining order will be
    set unless plaintiff provides the court with all documents required by Local Rule 65-231(c).
22  Plaintiff failed to provide a copy of the operative complaint and a proposed order with a
    provision for a bond. L.R. 65-231(c).  Further, plaintiff's "brief" failed to adequately address all
23  relevant legal issues presented by the motion.  *Id.*

24       [2] Plaintiff filed on February 2, 2007, an "addendum to motion for TRO; Notice and
    Motion to Compel Discovery; Disclosure of Discovery; Motion for Leave."  The court address
25  the various "motions" contained in this "addendum" below.  To the extent portions of that
    document relate to plaintiff's motion for a temporary restraining order, the court addresses that
26  together with plaintiff's actual motion.

2

1  *Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964), and therefore will not issue unless

2  necessary because threatened injury would impair the court's ability to grant effective relief in a

3  pending action.  *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.

4  1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989).  Plaintiff must demonstrate

5  either probable success on the merits and the possibility of irreparable injury, or serious

6  questions regarding the merits of his claims and a balance of hardships tipping sharply in his

7  favor.  *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979).  If the balance of

8  harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood

9  of success on the merits as when the balance tips less decidedly.  *Benda v. Grand Lodge of the

10 Int'l Ass'n of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The threatened injury must be

11 immediate.  *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d

12 1197, 1201 (9th Cir. 1980).  If the relief sought is mandatory rather than prohibitory, the balance

13 must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir.

14 1993).

15        Here, even if the instant motion may be construed to comply with the Local Rules,

16 plaintiff has failed to show that he is likely to prevail on the merits, nor has he demonstrated

17 serious questions regarding the merits of his claims.  Indeed, plaintiff has failed to address the

18 merits of his underlying claims, let alone define what those claims are.  Furthermore, plaintiff's

19 motion does not demonstrate that "immediate and irreparable injury, loss, or damage will result

20 to applicant" absent a restraining order.  *See* Fed. R. Civ. P. 65(b).  Plaintiff makes only

21 conclusory statements regarding irreparable injury.  For example, in his affidavit, he states that

22 "defendant's violative acts have created irreparable injury unless relief is provided through TRO

23 & complaint."   Plaintiff does not specify what the imminent, irreparable injury is.  Plaintiff's

24 speculative fear that he will be arrested is an insufficient basis for filing the present motion.  *See

25 Caribbean Marine Services Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) ("Speculative

26 injury does not constitute irreparable injury. . . . [A] plaintiff must *demonstrate* immediate

1    threatened injury as a prerequisite to preliminary injunctive relief.") (citations omitted)

2    (emphasis in original).

3         Accordingly, it is recommended that plaintiff's application for a temporary restraining

4    order be denied.[3]

5    **II.   "MOTION TO COMPEL" & DISCOVERY ISSUES**

6         The court now addresses plaintiff's "motion to compel," filed February 16, 2007.  It

7    appears that, by his "motion to compel," plaintiff seeks to compel discovery requests "provided"

8    to defendant on January 29, 2007.[4]  The court also notes that on February 2, 2007, plaintiff

9    served on defendant a document entitled "Addendum to motion for TRO; Notice and Motion to

10   Compel Discovery; Disclosure of Discovery; Motion for Leave."  Defendant has filed opposition

11   to this motion and the "addendum."

12        In defendant's opposition and supporting declaration, defense counsel avers that "as of

13   the date of plaintiff's motion, no request for discovery has been served on Defendant's Counsel."

14   *See* Defendant's Opposition to Plaintiff's Motion to Compel, at 2:5-6; Declaration of Cori R.

15   Sarno filed in Support of Defendant's Opposition to Plaintiff's Motion to Compel, at ¶ 3.  In fact,

16   defense counsel avers that the motion is the first document defendant's counsel has received

17   regarding discovery in this action.  *Id.*

18        Defendant further points out that plaintiff's motion is untimely.  The scheduling order in

19   this case requires all discovery motions to be heard by January 26, 2007.  In his "addendum"

20   filed February 2, 2007, plaintiff states that in his "disappointment over the delay of trial until

21   Sept. 2007, he overlooked earlier deadline for 26 Jan. 2007 for filing motion to compel discovery

22   and notice of motion."  He further cites Fed. R. Civ. P. 60, and states "due to surprise

23

24        [3] The court notes that plaintiff styled his application to include an "objection to trial
     scheduling."  Having reviewed all documents submitted with the application, the court is unable
25   to discern what plaintiff's objection is.

26        [4] It is unclear whether plaintiff properly served any such discovery requests on
     defendant.

                                          4

1   inadvertence, excusable neglect, plaintiff makes motion for leave to file motion."  Plaintiff

2   further asserts that by the addendum he is providing "notice to the clerk . . . for motion to compel

3   discovery to be scheduled on magistrate judge's calendar."  He also makes numerous discovery

4   requests in the addendum itself.

5        Plaintiff is admonished that the discovery deadline has passed and his attempts to notice a

6   motion are untimely and not in conformance with the Local Rules.  They are therefore denied.

7   Plaintiff is further instructed that he should not submit discovery requests to the court.  Neither

8   discovery requests served on an opposing party nor that party's responses should be filed until

9   such time as a party becomes dissatisfied with a response and seeks relief from the court

10  pursuant to the Federal Rules of Civil Procedure.  Discovery requests between the parties shall

11  not be filed with the court unless, and until, they are at issue.

12       On February 16, 2007, plaintiff filed a "Motion to Reschedule Discovery," but it, like

13  plaintiff's other filings, was not properly noticed for hearing before the court.  Plaintiff claims

14  that he did not expect discovery to begin several months before the trial date scheduled in

15  September 2007.  Remarkably, plaintiff cites the trial date set in the scheduling order as a reason

16  for his ignorance of other deadlines set in the same order.  In seeking an extension of the

17  discovery deadline, plaintiff appeals to "precedent for less rigorous standards for pro se parties."

18  Despite plaintiff's pro se status, he is required to read and comply with the Local Rules, the

19  Federal Rules of Civil Procedure, and court orders.  It has never been the court's function "to

20  supervise laymen in the practice of law."  *Springer v. Best*, 264 F.2d 24, 25 (9th Cir. 1959).

21  Procedural requirements serve an important function in the orderly conduct of litigation, and pro

22  se litigants are expected to comply with procedural rules.  *See McNeil v. United States*, 508 U.S.

23  106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation

24  should be interpreted so as to excuse mistakes by those who proceed without counsel.").  The

25  Ninth Circuit recently reiterated that pro se litigants should not be excused from knowing the

26  most basic litigation requirements.  *See American Ass'n of Naturopathic Physicians v. Hayhurst*,

5

1   227 F.3d 1104 (9th Cir. 2000) (citing *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th
2   Cir. 1997)).

3          The discovery deadline in this case has passed.  It is woefully apparent that plaintiff has
4   exerted little effort in gathering evidence to support his claims at trial.  Keeping plaintiff's pro se
5   status in mind, however, the court hereby grants the parties an additional 60 days to complete
6   discovery.  The court will entertain no further "requests" for extensions, and will not consider
7   any motions to compel beyond this date.  Neither will the court entertain any "request" or
8   improperly noticed motion regarding discovery.  Any requests for court action should be made
9   by noticed motion, scheduled for hearing and briefed in accordance with the federal and local
10  rules.

11         Accordingly, plaintiff's motion to compel is denied.  The parties are granted 60 days
12  from the date of service of this order to continue discovery.

13  **III.    MOTION FOR SUMMARY JUDGMENT**

14         The court now addresses plaintiff's motion for summary judgment, filed December 20,
15  2006.  The court notes that defendant has filed a copy of its December 26, 2006, correspondence
16  to plaintiff advising him of improper service of the motion for summary judgment.  That letter
17  specifically advises plaintiff that pursuant to Fed. R. Civ. P. 5(b)(1) and Local Rules 5-133(b)(2)
18  and 5-135(f), all documents must be served on a party's attorney.

19         Apparently in response to defendant's letter, plaintiff  filed a "motion for construal" on
20  January 12, 2006, requesting that the court deem "all documents recently filed by plaintiff as
21  acceptable re: delivery to defendant personally rather than their attorney."  In that "motion"
22  plaintiff claims he has been unjustly held captive in the Yolo County jail, and that defendant
23  failed to advise him of its attorney's address.[5]

24  _____

25         [5] The court finds plaintiff's contention disingenuous, as defendant has attached a copy of
    a letter addressed to plaintiff and dated January 20, 2006.  This letter is from defendant's
26  attorney and requests that all documents be served on him rather than defendant.  This letter is

1    Despite plaintiff's failure to properly serve defendant with his motion for summary

2    judgment, defendant has filed an opposition in response to it.  As defendant points out, the

3    motion fails to comport with the requirements for summary judgment motions set forth in Fed.

4    R. Civ. P. 56 and Local Rule 56-260(a).

5    Plaintiff's motion contains unsupported allegations regarding defendant's "violative

6    acts."  Plaintiff makes bald assertions that he has been "robbed, beaten, held hostage, hunted

7    down and terrorized for 9 years by defendant."  Plaintiff provides no evidence, nor citation to

8    evidence, to support his extravagant claims in his motion.

9    Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases

10    with no disputed material facts.  *See Northwest Motorcycle Ass'n v. United States Dep't of*

11    *Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  At issue is "whether the evidence presents a

12    sufficient disagreement to require submission to a jury or whether it is so one-sided that one

13    party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52

14    (1986). A party may move, without or without supporting affidavits, for a summary judgment

15    and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to

16    interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

17    genuine issue as to any material fact and that the moving party is entitled to a judgment as a

18    matter of law.  Fed. R. Civ. P. 56(a)-(c).

19    An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict

20    for the opposing party.  *Anderson*, 477 U.S. at 248.  A fact is "material" if it affects the right to

21    recover under applicable substantive law.  *Id.* at 248.  The moving party must submit evidence

22    that establishes the existence of an element essential to that party's case and on which that party

23    will bear the burden of proof at trial.  *Celotex Corporation v. Catrett*, 477 U.S. 317, 322 (1986).

24    _____

25    prepared on the attorney's letterhead, which contains complete contact information.  *See*
      Declaration of Cori R. Sarno in Support of Defendant's Opposition to Plaintiff's Motion for
26    Summary Judgment, Exhibit 1.

1   The moving party "always bears the initial responsibility of informing the district court of the

2   basis for its motion and identifying those portions of 'the pleadings, depositions, answers to

3   interrogatories, and admissions on file, together with the affidavits, if any'" that the moving

4   party believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323.

5          Plaintiff, the moving party, has demonstrated nothing by his motion other than a

6   complete failure to consult the applicable rules of procedure.  Plaintiff has not submitted an

7   annotated statement of undisputed facts as required by Local Rule 56-260(a), nor has he cited to

8   any evidence to support his motion.  It is clear from defendant's answer on file that defendant

9   disputes the plaintiff's allegations.  Plaintiff has pointed to nothing that demonstrates that such

10  dispute no longer exists.  Nor has plaintiff given any regard to which party bears the burden of

11  proof at trial on the factual assertions he makes in the motion and how that burden relates to this

12  motion.  *Celotex*, 477 U.S. at 322.  Finally, plaintiff's assertions appear to relate to factual

13  allegations that the court ordered could not be included in an amended complaint.  Indeed, the

14  legal basis for the motion is entirely unclear.

15         For the foregoing reasons, it is recommended that plaintiff's motion for summary

16  judgment be denied.

17  **IV.    CONCLUSION**

18         In accordance with the foregoing, IT IS HEREBY ORDERED that:

19         1.  Plaintiff's motion to compel discovery is denied;

20         2.  The parties are granted an additional 60 days to complete discovery.  The court will

21  entertain no further "requests" for extensions, and will not consider any discovery motions

22  beyond this date.  The court will not entertain any "request" or improperly noticed motion

23  regarding discovery.  Any requests for court action should be made by noticed motion, scheduled

24  for hearing and briefed in accordance with the federal and local rules; and,

25  ////

26  ////

8

3. Plaintiff is advised that further failure to comply with this order, the Local Rules, and/or the Federal Rules of Civil Procedure may result in sanctions, including a recommendation that this action be dismissed. *See* Local Rule 11-110.

Further, IT IS RECOMMENDED that:

1. Plaintiff's "Objection to Trial Scheduling Order & Motion & Affidavits for Temporary Restraining Order" be denied; and,

2. Plaintiff's motion for summary judgment be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED:  March 2, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE