1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. SHERMAN,

11          Plaintiff,                    No. CIV S-04-2320 LKK EFB PS

12          vs.

13   CITY OF DAVIS,                    ___ORDER___

14          Defendant.

15   _____/

16          Plaintiff has filed a document entitled "Motion for Relief from Order; Alternatively

17   Motion for Appeal for Order."  Plaintiff purports to make this motion pursuant to Fed. R. Civ. P.

18   60(b), and seeks relief from this court's December 22, 2006 order adopting the magistrate judge's

19   findings and recommendations filed November 9, 2007.  That order, among other things, denied

20   plaintiff's motion for leave to amend his complaint to add new claims.  The court found that the

21   proposed claims would be futile because they were barred by the applicable statute of limitations.

22   Further, the court found the "continuing violation theory" for avoiding the statute of limitations

23   inapplicable to the proposed claims.

24          Construing plaintiff's motion as a motion to reconsider, or alternatively as a motion to

25   certify for interlocutory appeal pursuant to 28 U.S.C. § 1292,  the court issues the following

26

1

1  order.[1]

2  # I.

3  ## STANDARDS

4      Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-</u>

5  <u>Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

6  judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party

7  seeking reconsideration of a district court's order must brief the "new or different facts or

8  circumstances [which] were not shown upon such prior motion, or what other grounds exist for

9  the motion."  E.D. Cal. L.R. 78-230(k)(3).  The rule derives from the "law of the case" doctrine

10  which provides that the decisions on legal issues made in a case "should be followed unless there

11  is substantially different evidence . . . new controlling authority, or the prior decision was clearly

12  erroneous and would result in injustice."  <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d

13  391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert.</u>

14  <u>denied</u>, 475 U.S. 1064 (1986).

15      Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or

16  amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the

17  unsuccessful party to "rehash" arguments previously presented, or to present "contentions which

18  might have been raised prior to the challenged judgment."  <u>Costello v. United States</u>, 765 F.Supp.

19  1003, 1009 (C.D.Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268 (7th Cir. 1986);

20  <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These holdings

21  "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial

22

23      [1] Plaintiff's reliance on Fed. R. Civ. P. 60(b) is misplaced.  Rule 60(b) allows a party to seek relief from a final judgment and to request reopening his case under a limited set of circumstances including fraud, mistake, and newly discovered evidence.  <u>Gonzalez v. Crosby</u>,

24  545 U.S. 524, 527 (2005).  No final judgment has been entered in this case. To be final, an order must constitute a complete act of adjudication. <u>Slimick v. Silva (In re Slimick)</u>, 928 F.2d 304,

25  307, n.1 (9th Cir. 1990) ("In an ordinary civil case, a complete act of adjudication ends the litigation on the merits and leaves nothing for the court to do but execute the judgment disposing

26  of all the issues before the court at the time.") (citations and internal quotations omitted).

1   efficiency." <u>Costello</u>, 765 F.Supp. at 1009.

2        To the extent plaintiff's "motion for appeal of order" can be construed as a motion to

3   certify for interlocutory appeal, the following standard applies.  Certification for interlocutory

4   appeal under 28 U.S.C. § 1292 is appropriate where "the order involves a controlling question of

5   law as to which there is substantial ground for difference of opinion" and where "an immediate

6   appeal from the order may materially advance the ultimate termination fo the litigation."

7   28 U.S.C. § 1292(b).  All three qualities must be present in order to merit interlocutory

8   certification; that an issue is novel does not by itself make it immediately appealable.  <u>See</u>

9   <u>Krangel v. General Dynamics Corp.</u>, 968 F.2d 914, 915 (9th Cir. 1992).

10   **II.**

11   **ANALYSIS**

12        In the instant motion, plaintiff asks the court to reconsider its order denying plaintiff's

13   motion to amend the complaint.  The motion merely rehashes plaintiff's arguments concerning

14   his belief that he is entitled to amend the complaint under the "continuing violations doctrine."

15   <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbera</u>, 344 F.3d 822, 828 (9th Cir. 2003).

16   The court already considered plaintiff's previous objections in this vein when it considered his

17   objections to the magistrate judge's findings and recommendations.  Plaintiff again raised this

18   issue in a "second addendum to objections," filed December 14, 2006.  He has presented no "new

19   or different facts or circumstances" that were not raised in his previous motion or objections.

20        To the extent plaintiff's "motion for appeal of order" can be construed as a motion to

21   certify for interlocutory appeal, such motion is denied.  Plaintiff's position regarding the

22   "continuing violation theory" does not constitute a "novel" issue.  Further, appeal of the order

23   denying his motion to amend would not materially advance the ultimate termination of this

24   litigation.

25   /////

26   ////

Therefore, IT IS HEREBY ORDERED that

1.  Upon reconsideration, this court's order of December 22, 2006 is affirmed; and

2.  Plaintiff's motion to certify the order for interlocutory appeal is denied.

DATED: March 6, 2007.


LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4