IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

        Plaintiff,                No. CIV S-04-2320 LKK EFB PS

    vs.

CITY OF DAVIS,                  ORDER

        Defendant.

_____/

    This action, in which plaintiff is proceeding pro se, was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Several documents filed by plaintiff are currently pending before the court.  They are addressed herein.

    On March 16, 2007, plaintiff filed a letter requesting that the Clerk send him a copy of the undersigned's law and motion calendar.  Based on this, and other recent filings, it has become apparent that plaintiff is currently incarcerated at the Yolo County Detention Center.  Accordingly, as long as plaintiff remains incarcerated, the court will not require plaintiff to notice motions pursuant to Local Rule 78-230(b).  Instead, the court will deem plaintiff's motions submitted without oral argument unless otherwise ordered by the court.  Accordingly, plaintiff's request for a copy of the motion calendar is denied.  In the event that plaintiff is released from custody during the pendency of this action, he shall notify the court of such

1

1  release, and the ordinary procedures set forth in Local Rule 78-230(b) shall apply.

2        The court next addresses two documents filed by plaintiff on April 18, 2007.  The first,

3  styled, "Objection to Defendant's Response to Discovery Requests; Request for Ruling," appears

4  to concern plaintiff's dissatisfaction with defendant's response to various discovery requests.

5  The other, filed the same day, is entitled "Motion to Compel Discovery, Motion for Court Order

6  to Compel Attendance to Conference, Motion for Court Order for Plaintiff's Attendance at

7  Hearing, Motion for Waiver of Notice."  By this motion, plaintiff appears to seek an order for

8  release from custody so he can attend a discovery hearing and/or conference.

9        On May 10, 2007, defendant filed an opposition to both "motions."  Defendant argues

10  that plaintiff's motion is untimely, requests relief not contemplated by the Federal Rules of Civil

11  Procedure, and that plaintiff otherwise fails to demonstrate why he is entitled to an order

12  compelling production of documents.

13        First, the court addresses plaintiff's request for a court order releasing him from custody

14  to attend a discovery hearing, as well as an order scheduling a discovery conference between the

15  parties.  Plaintiff seems to base his request on  Fed. R. Civ. P. 26(a) and 26(f), which require

16  parties to schedule a conference of the parties to plan for discovery and to make initial

17  disclosures at that conference or soon thereafter.

18        Rule 26(a)(1)(E)(iv) provides that "an action brought without counsel by a person in

19  custody of the United States, a state, or a state subdivision," is exempt from those Rule 26

20  requirements.  Here, although it appears that plaintiff was not in custody when he initiated this

21  action, he is currently in custody, and appears to have been so throughout the discovery process.

22  Accordingly, the court finds that the parties are exempt from the requirements of Rule 26(a)(1)

23  and 26(f) (i.e., holding a conference of the parties and making initial disclosures).  Plaintiff's

24  request for an order compelling a conference and his release from custody to attend such

25  conference is therefore denied.

26  ////

Next, the court addresses plaintiff's apparent dissatisfaction with defendant's responses to various document requests. In the document entitled "Objection to Defendant's Response to Discovery Requests; Request for Ruling," plaintiff appears to allege that defendant provided incomplete responses to plaintiff's document requests numbers 1, 3, 7, 8, 9, 11, 12, 13 and 14. However, plaintiff does not provide the court with a copy of these requests, nor with defendant's responses.[1]

In its opposition, defendant details its interactions with plaintiff regarding discovery. On April 10, 2007, defendant timely mailed plaintiff a copy of its responses to plaintiff's discovery requests. *See* Declaration of Cori R. Sarno in Support of Defendant's opposition to Plaintiff's Motion to Compel and Plaintiff's Objection to Defendant's Discovery Responses, ("Sarno Decl."), at ¶ 6; Exhibit D thereto. On April 17, 2007, defendant's counsel received a document from plaintiff entitled "discovery requests" that contained revisions to his original requests. *Id.*, at ¶ 8; Exhibit F thereto. On April 18, 2007, defendant's counsel received plaintiff's document/filing entitled "Objection to Defendant's Response to Discovery Requests; Request for Ruling," *Id.*, at ¶ 9. According to defendant's counsel plaintiff made no effort to communicate or correspond with counsel prior to filing this document with the court. *Id.*, at ¶ 10. On April 26, 2007, defendant's counsel served plaintiff with further discovery responses. *Id.*, at ¶ 11.

////

---

[1] Defendant, in its opposing papers, has provided the court with a copy of plaintiff's requests and defendant's responses thereto. The court notes that ordinarily, in the event of a discovery dispute, the parties are to file a joint statement that sets forth "[t]he contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof. Each specific interrogatory, deposition question or other item objected to. . .and the objection thereto, shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth." L.R. 37-251(c)(3). Although preparation of a joint statement in this case would be difficult due to plaintiff's incarceration, plaintiff should have still consulted the Local Rules and set forth as much of the required information as possible to inform the court of the dispute and the legal basis for his objections.

1   Defendant points out that plaintiff's filing of objections with the court without first trying

2   to "meet and confer" violates the requirements set forth in Fed. R. Civ. P. 37(a)(2)(B) ("The

3   motion must include a certification that the movant has in good faith conferred or attempted to

4   confer with the person or party failing to make the discovery in an effort to secure the

5   information or material without court action.").  Defendant further points out that plaintiff fails

6   to demonstrate why he is entitled to an order compelling production.

7   Indeed, in his "motion," plaintiff fails to include the required certification, nor does he

8   adequately explain his objections or the basis for an order compelling production.[2] Moreover, the

9   court notes that the discovery deadline of May 2, 2007, has now expired.[3]  By the terms of the

10   pre-trial scheduling, order, all discovery was to be *completed* by that date.[4]

11   Given the untimeliness of plaintiff's "motion" and his failure to comply with the Federal

12   Rules of Civil Procedure, as well as his failure to establish a basis for an order compelling

13   production, plaintiff's "motion to compel" is denied.

14   In its opposition, defendant requests sanctions for plaintiff's repeated failure to comply

15   with applicable rules and court orders.  That request is denied.  However, plaintiff is admonished

16   to read and comply with the Federal Rules of Civil Procedure before filing documents with the

17   court.

18

19   [2] For example, plaintiff's "objection" to defendant's response to "request no. 3" simply states that "names and address, relevant facts, of all witnesses of defense are discoverable."

20   Although defendant is required to identify the witnesses it intends to use at trial, such disclosure is not required until 30 days before trial, unless otherwise ordered by the court. Fed. R. Civ. P.

21   26(a)(3).  Accordingly, plaintiff's objection, or request to compel this information at this date, is premature.

22   [3] This deadline represents a previously granted 60-day extension by the court.

23   [4] In a document filed May 4, 2007, entitled "Proposed Discovery Plan/Report," plaintiff renews his complaints about defendant's (proper) refusal to schedule a Rule 26(f) conference of

24   the parties.  He further renews his objections to defendant's discovery responses.  In plaintiff's report, he informs the court that defendant has not yet propounded any discovery requests on

25   plaintiff, and "suggests extension of 1 May deadline if necessary for defendant to meet the request and requirements of the court."  The court declines to grant any further extensions of the

26   discovery deadline.

1        In accordance with the foregoing, IT IS HEREBY ORDERED that:

2        1.   Plaintiff's "Objection to Defendant's Response to Discovery Requests; Request for

3    Ruling," filed April 18, 2007, is denied;

4        2.  Plaintiff's "Motion to Compel Discovery, Motion for Court Order to Compel

5    Attendance to Conference, Motion for Court Order for Plaintiff's Attendance at Hearing, Motion

6    for Waiver of Notice," is granted in part and denied in part.  The motion is granted insofar as

7    plaintiff need no longer notice his motions for hearing on the court's law and motion calendar;

8    instead, the court will deem plaintiff's motions submitted without oral argument unless

9    otherwise ordered by the court.  However, plaintiff's motion to compel is denied, as is his

10   request for release from custody to attend a "conference of the parties" or hearing; and,

11       3.  Defendant's request for sanctions is denied.

12   DATED:   May 16, 2007.

13

14                                   EDMUND F. BRENNAN
                                     UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26