IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

    Plaintiff,                                      No. CIV S-04-2320 LKK EFB PS

    vs.

CITY OF DAVIS,                           <u>ORDER TO SHOW CAUSE</u>

    Defendant.

_____/

    This action, in which plaintiff is proceeding pro se, was referred to the undersigned by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

    On May 21, 2007, defendant filed a motion for summary judgment set for hearing before the undersigned on June 20, 2007. Plaintiff has failed to file an opposition to the motion.

    Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Similarly, under Local Rule 78-230(m), which applies to "prisoner cases," failure to timely file an opposition (within eighteen days of service of the motion) may be deemed a

1

waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.[1]

Even applying Local Rule 78-230(m), which allows the opposing party eighteen days to file an opposition, plaintiff has failed to meet the filing deadlines. More than twenty-six days have passed since defendant filed its motion for summary judgment, and plaintiff has failed to file any opposition or otherwise respond to it.

Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Further, Local Rule 83-183, governing persons appearing *in propria persona*, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction. That rule also provides that it is incumbent on the pro se party to keep the court and the opposing parties apprised of his or her current address. L.R. 83-183(b).

Plaintiff has been repeatedly admonished by the court of his duty to read and comply with the Federal Rules of Civil Procedure and this district's Local Rules. Despite these admonishments, plaintiff continues in his non-compliance.

However, in deference to plaintiff's pro se status, the court will accord plaintiff one additional opportunity to file an opposition to plaintiff's motion for summary judgment. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992) (evaluation of pro se litigant's compliance with technical rules of civil procedure should be lenient, particularly in civil rights cases). Plaintiff shall file an opposition or statement of non-opposition within seven (7) days of the date of service of this order. Failure to file an opposition will be deemed a statement of non-opposition and will result in a recommendation that defendant's motion be granted and that the case be dismissed. Further, plaintiff shall show cause why sanctions should not be imposed for

---

[1] The court notes that plaintiff has been sporadically incarcerated throughout the pendency of this litigation.

1 failure to timely file an opposition.

2     Consistent with this order, the hearing currently set for June 20, 2007, on this court's law
3 and motion calendar is vacated.

4     SO ORDERED.

5 DATED: June 13, 2007.

                      EDMUND F. BRENNAN
                      UNITED STATES MAGISTRATE JUDGE