IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

      Plaintiff,                      No. CIV S-04-2320 LKK EFB PS

vs.

CITY OF DAVIS,                      <u>ORDER</u>

      Defendant.

_____/

      On April 5, 2007, plaintiff filed a document entitled "Motion to Alter Judgment." Plaintiff purports to make this motion pursuant to Fed. R. Civ. P. 59(e). The motion addresses this court's March 29, 2007, order adopting the magistrate judge's findings and recommendations that plaintiff's motion for summary judgment and "Objection to Trial Scheduling Order & Motion & Affidavits for Temporary Restraining Order" be denied. Defendant has filed an opposition to this most recent motion, in which they ask the court to sanction plaintiff for his repeated refusal to comply with applicable rules and court orders, pursuant to Local Rule 11-110. Construing plaintiff's motion as a motion to reconsider, the court orders as follows.[1]

---

[1] Plaintiff's reliance on Fed. R. Civ. P. 59 is misplaced. Rule 59 allows a party to seek relief from a judgment. No final judgment has been entered in this case. To be final, an order

1

Although motions to reconsider are directed to the sound discretion of the court, Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 78-230(k)(3). The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Here, plaintiff asks the court to reconsider its order denying plaintiff's motion for summary judgment and his "Objection to Trial Scheduling Order & Motion& Affidavits for Temporary Restraining Order." The motion, however, merely rehashes plaintiff's claims against

---

must constitute a complete act of adjudication. Slimick v. Silva (In re Slimick), 928 F.2d 304, 307, n.1 (9th Cir. 1990) ("In an ordinary civil case, a complete act of adjudication ends the litigation on the merits and leaves nothing for the court to do but execute the judgment disposing of all the issues before the court at the time.") (citations and internal quotations omitted). Plaintiff appears to acknowledge this in his "Amendment to Motion to Alter," filed May 15, 2007, wherein he asks the court to construe the motion as an application for reconsideration.

1  defendant, and requests that summary judgment be granted in his favor. Plaintiff points to no
2  "new or different facts or circumstances" that justify vacating this court's previous denial of his
3  summary judgment motion. E.D. Cal. L.R. 78-230(k)(3).
4        Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
5  order of March 29, 2007, is affirmed. Further, defendant's request for sanctions pursuant to
6  Local Rule 11-110 is denied.
7  DATED: June 29, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3