1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH A. SHERMAN,

11          Plaintiff,                    No. CIV S-04-2320 LKK EFB PS

12      vs.

13   CITY OF DAVIS,                       FINDINGS AND RECOMMENDATIONS

14          Defendant.

15   _____/

16          This action, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to Local Rule 72-302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Defendant City

18   of Davis has filed a motion for summary judgment as to all remaining claims, which the court

19   addresses herein.  In violation of the Local Rules, plaintiff has failed to file an opposition to the

20   motion, notwithstanding the court's order to show cause directing him to file either an opposition

21   or a statement of no opposition.  Notwithstanding his violation of a court order and Local Rule

22   78-230 (c), the court has evaluated the merits of the motion and for the reasons discussed below

23   recommends that defendant's motion for summary judgment be granted.

24   **I.  BACKGROUND**

25          This action is proceeding on the original complaint filed by plaintiff on November 2,

26   2004.  That complaint alleges various causes of action actions under the Fourth, Sixth and

1

1  Fourteenth Amendments pursuant to 42 U.S.C. § 1983, and seeks damages in the amount of forty

2  million dollars. *See* Complaint ("Compl."), p. 9, ¶ 11. On July 22, 2005, plaintiff filed an

3  "Addendum to Complaint" that the previously assigned magistrate judge construed as a

4  supplement to the original complaint. Plaintiff's supplemental complaint alleges additional

5  claims for false arrest, "threat of false arrest," and defamation. The complaint asserts, among

6  other things, that defendant is responsible for injuries plaintiff sustained while he was unjustly

7  incarcerated. The supplemental complaint demands damages in the amount of fifty-two million

8  dollars. *See* Supplemental Complaint ("Suppl. Compl."), p. 6.

9        Between the complaint and the addendum, plaintiff alleges seven claims for false arrest

10 relating to his arrests by the Davis Police Department on various dates and at various places in

11 Davis, California. Specifically, plaintiff claims he was falsely arrested at the Yolo County

12 Library, the Mansion Square business park, Albertson's grocery store, Long's Drugs, the Nugget

13 Market, The Belfry, and at a residence on El Cajon Avenue in Davis. The court dismissed

14 plaintiff's causes of action as to the arrests at Long's Drugs, Albertson's, the Yolo County

15 Library, and Nugget Market based on the statute of limitations.[1] Thus, the remaining false arrest

16 claims concern plaintiff's arrests at: (1) the residence on El Cajon Avenue; (2) the Mansion

17 Square business park, and (3) The Belfry. Plaintiff's claim for excessive force arising out his

18 arrest at the Nugget Market also remains at issue.

19       In addition to the claims for false arrest and excessive force, plaintiff alleges that

20 defendant's police officers wrongfully threatened to arrest him on various occasions, and

21 committed perjury at his trial for resisting arrest and obstructing business operators or customers

22 at the Nugget market. He also alleges that defendant's actions constitute discrimination and

23 harassment, are tantamount to "slavery," and have damaged plaintiff's reputation, resulting in

24 the revocation of his real estate license and leaving him with little hope for a career. *See* Compl.,

25

26       [1] *See* November 9, 2006, Findings and Recommendations and the December 22, 2006, Order adopting Findings and Recommendations.

2

¶ 2; Suppl. Compl., p. 5.

Defendant moves for summary judgment as to all these claims based on plaintiff's failure to present evidence showing that his constitutional rights were violated or that any of the alleged incidents were the result of a municipal custom or policy.

Plaintiff failed to file a timely opposition to defendant's motion, and the court ordered plaintiff to show cause why sanctions should not issue for such failure.  The court also directed him to file an opposition or statement of non-opposition to defendant's motion.  Plaintiff responded by filing a document styled, "Objection to Court Vacating Trial Date."  *See* docket no. 93.  That document is largely unintelligible, and does not appear to contain any response to the court's order to show cause or defendant's motion for summary judgment.  Several weeks later, plaintiff filed a document wherein he asserted that he had been incarcerated in the Sacramento County Jail and was therefore unable to prosecute this case or to notify the court or defendants of his change of address.  He also claimed he had not received a copy of defendant's motion for summary judgment.

Defendant responded to this filing by pointing to plaintiff's activity in another case in this district during the period of his alleged incapacitation.[2]  In particular, the docket in *Sherman v. Yolo County Chief Probation Officer*, 2:06-cv-0934 GEB KJM P, shows that plaintiff filed several documents in that case – including a notice of his change of address – during the period when defendant's motion for summary judgment was filed and this court's order to show cause issued.  *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (A court may take judicial notice of its own records.).

---

[2]  The court's records show that plaintiff has at least seven cases pending in this district: *Sherman v. Chief Probation Officer, et al.*, 2:07-cv-2260-FCD-CMK; *Sherman v. Yolo County, Sheriff*, 2:06-cv-0016-GEB-DAD; *Sherman v. Yolo County Sheriff*, 2:06-cv-0018-FCD-KJM; *Sherman v. CA Attorney Genaral, et al.*, 2:06-cv-0911-MCE-KJM; *Sherman v. Yolo County Chief Probation Officer, et al.*, 2:06-cv-2415-ALA; *Sherman v. Yolo County Chief Probation Officer, et al.*, 2:07-cv-2055-WBS-CMK; and, *Sherman v. Yolo County Chief Probation Officer*, 2:06-cv-0934 GEB KJM.

1    Accordingly, plaintiff's claim that he was unable to notify defendant of his change of

2   address is disingenuous.  Moreover, this district's Local Rules provide that:

> [E]ach party appearing *in propria persona* is under a continuing duty to
> notify the Clerk and all other parties of any change of address or telephone
> number of the attorney or the party if appearing *in propria persona*.
> Absent such notice, service of documents at the prior address of the
> attorney or party shall be fully effective. Separate notice shall be filed
> with the Clerk and served on all parties in each action wherein an
> appearance has been made.

7   E.D. Cal. L.R. 83-182(f).

8    Defendant filed a proof of service of its motion for summary judgment showing service at

9   plaintiff's address of record.  *See* Proof of Service (docket no. 82).  Under the rule, service at that

10  address was fully effective.  Plaintiff failed to file a timely response to defendant's motion, and

11  the court warned him that such failure would result in a recommendation of dismissal.  *See* Jun3

12  13, 2007, Order (warning that court would recommend dismissal if plaintiff failed to oppose the

13  motion); *see also* Local Rules 78-230 and 11-110.  The plaintiff's failure to respond to that order

14  warrants dismissal on that basis alone.  Nonetheless, the court has considered the merits of the

15  motion, including plaintiff's subsequent, untimely filings which the court construes as an

16  opposition.  *See, e.g.,* docket no. 98.  Having considered the record in its entirety, the court

17  further finds that defendant's motion for summary judgment must be granted.

18  **II.  REQUEST FOR JUDICIAL NOTICE**

19   Defendant requests that this court take judicial notice of the following items:

20   1.  The proceedings in Yolo County Superior Court Case No. 04-4128, in which plaintiff

21  was charged and convicted by a jury of violating Cal. Pen. Code §§ 148(a) and 602.1 on October

22  12, 2004.[3]

23   2.  The Yolo County Superior Court's Docket, Minute and Commitment Sheet dated

24  October 8, 2004, for Yolo County Superior Court Case No. 04-4128 (certified copy attached as

25

26   [3]  Items 1 through 3 concern the state court proceedings following plaintiff's arrest for
trespassing at the Nugget Market on June 16, 2004.

4

Ex. A to Sarno Decl.);

3.  The criminal first amended complaint filed by the Yolo County District Attorney's Office in case No. 04-4128 filed on October 7, 2004 (certified copy attached as Ex. B to Sarno Decl.).

4.  The Decision of Acting Real Estate Commissioner, dated July 1, 2004, Case No. H-3971 SAC, and the Decision of Acting Real Estate Commissioner, dated July 1, 2004, Case. No. H-3972 SAC (decisions regarding revocation of plaintiff's real estate license, true and correct copies of which are attached as Exs. C and D to Sarno Decl.);

5.  The first amended criminal complaint filed against Mr. Sherman on March 12, 2004, in *People v. Sherman*, Yolo County Superior Court Case No. 03-07477 (true and correct copies of which are attached as Ex. E to Sarno Decl.);[4]

6.  The March 19, 2004, Docket, Minute and Commitment Sheet for Yolo County Superior Court Case No. 03-07477 (true and correct copies of which are attached as Ex. F. to Sarno Decl.);

7.  The Misdemeanor Jury Trial Minutes for Yolo County Superior Court Case No. 03-07477 (true and correct copies of which are attached as Ex. G to Sarno Decl.); and,

8.  The Proposed Settled Statement on Appeal in Yolo County Superior Court Case Nos. 04-3910, 04-4128 and 04-3801 (true and correct copies of which are attached as Ex. J to Sarno Decl.).[5]

All requests for judicial notice are granted pursuant to Fed. R. Evid. 201, as they do not require the acceptance of facts "subject to reasonable dispute" and are capable of immediate and accurate determination by resort to a source whose accuracy cannot reasonably be questioned.

---

[4]  Items 5 through 7 are documents concerning court proceedings following plaintiff's arrest for trespassing at Mansion Square on January 15, 2004, of which he was later acquitted.

[5]  Item 8 concerns proceedings regarding the Nugget Market arrest, as well as other arrests not at issue in this case.

*See In re Tyrone F. Conner Corp., Inc.*, 140 B.R. 771, 781-82 (E.D. Cal. 1992); Fed. R. Evid. 201(b); *Cal. ex rel. RoNo, L.L.C. v. Altus Fin. S.A.*, 344 F.3d 920, 931 n.8 (9th Cir. 2003).  The court also takes notice of its own records in this action.  *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records).

## III.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment pursuant to Fed. R. Civ. P. 56(a) avoids unnecessary trials in cases with no disputed material facts.  *See Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  At issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

Rule 56 serves to screen the latter cases from those which actually require resolution of genuine disputes over facts material to the outcome of the case; e.g., issues that can only be determined through presentation of testimony and evidence at trial such as credibility determinations of conflicting testimony over dispositive facts.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact

1    precludes the use of summary judgment.

2  *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir. 1987), *cert.*

3  *denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no

4  "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to

5  establish the existence of an element essential to that party's case, and on which that party will

6  bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236,

7  239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

8    Thus, to overcome summary judgment an opposing party must show a dispute that is both

9  genuine, and involving a fact that makes a difference in the outcome.  Two steps are necessary.

10  First, according to the substantive law, the court must determine what facts are material.

11  Second, in light of the appropriate standard of proof, the court must determine whether material

12  factual disputes require resolution at trial.  *Id.* at 248.

13    When the opposing party has the burden of proof on a dispositive issue at trial, the

14  moving party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v.*

15  *National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  The moving party need only point to matters

16  which demonstrate the absence of a genuine material factual issue.  *See Celotex v. Cattret*, 477

17  U.S. 317, 323-24 (1986).

18    If the moving party meets its burden, the burden shifts to the opposing party to establish

19  genuine material factual issues.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 586.[6]  The

20  opposing party must demonstrate that the disputed facts are material, i.e., facts that might affect

21  the outcome of the suit under the governing law, *see Anderson*, 477 U.S. at 248; *T.W. Elec.*

22  *Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that

23

24    [6]  The nonmoving party with the burden of proof  "must establish each element of his
   claim with significant probative evidence tending to support the complaint."  *Barnett v. Centoni*,
25  31 F.3d 813, 815 (9th Cir. 1994) (internal quotations omitted).  A complete failure of proof on an
   essential element of the nonmoving party's case renders all other facts immaterial, and entitles
26  the moving party to summary judgment.  *Celotex*, 477 U.S. at 322.

disputes are genuine, i.e., the parties' differing versions of the truth require resolution at trial, *see T.W. Elec.*, 809 F.2d at 631.  There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial.  *Celotex*, 477 U.S. at 323.  The opposing party may not rest upon the pleadings' mere allegations or denials, but must present evidence of specific disputed facts.  *See Anderson*, 477 U.S. at 248.[7]  Conclusory statements cannot defeat a properly supported summary judgment motion.  *See Scott v. Rosenberg*, 702 F.2d 1263, 1271-72 (9th Cir. 1983).

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See Anderson*, 477 U.S. at 249, 255.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).

If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

**B. Defendant's Motion**

Plaintiff's poorly articulated claims concern three separate arrests, a subsequent trial related to one of the arrests, his incarceration in connection with an arrest, various threats of "unlawful" arrest, and alleged damage to plaintiff's reputation as a result of these and other

---

[7]  A verified complaint may be used as an affidavit in opposition to the motion. *Schroeder v McDonald*, 55 F. 3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

incidents.  He sues defendant, City of Davis, pursuant to 42 U.S.C. § 1983, based on alleged

violations of his constitutional rights.  The City moves for summary judgment on the grounds

that there is no evidence that plaintiff's constitutional rights were violated or that any alleged

violation is attributable to an official policy or custom promulgated by defendant.

Plaintiff bears the burden under § 1983 to establish: (1) a constitutional violation (2) that

is attributable to the municipality.  *See Morse v. North Coast Opportunities*, 118 F.3d 1338, 1340

(9th Cir. 1997).  He has failed to oppose defendant's motion, and even construing his untimely

objections to the motion as an opposition, has not met his burden in opposing this motion.  He

has not pointed to specific facts or probative evidence demonstrating a genuine issue of material

fact as to either element.  It is important to note that plaintiff bears the burden of proof at trial on

each of these elements to his cause of action.  Therefore, to withstand defendant's motion, he

may not rest on the mere allegations or denials of his pleadings and must demonstrate a genuine

issue for trial, *Valandingham v. Bojorquez*, 866 F.2d 1135, 1142 (9th Cir. 1989), and he must do

so with evidence upon which a fair-minded jury "could return a verdict for [him] on the evidence

presented."  *Anderson*, 477 U.S. at 248, 252.  He has failed to present any such evidence, and the

"court is not required to search the record *sua sponte* for some genuine issue of material fact.  *Id.*

at 1183.  Accordingly, defendant's motion for summary judgment must be granted.

### 1.  <u>No Constitutional Violations</u>

Plaintiff alleges that his constitutional rights were violated in connection with the

remaining arrests that are the subject of this action and the various incidents related thereto.

Defendant have presented evidence showing that the arrests were supported by probable cause,

and that plaintiff's related claims are insupportable.  Plaintiff has failed to refute that evidence

and fails to point to specific facts showing a lack of probable cause for the arrests or to other

evidence showing a constitutional violation.

////

////

## a.  **Validity of Arrests**

Plaintiff alleges Davis police officers falsely arrested, or "kidnaped," him on three

different occasions:  (1) on September 2, 2003, at a residence on El Cajon Avenue (the "El Cajon

arrest"); (2) on January 15, 2004, at Mansion Square business park ("Mansion Square arrest");

and, at The Belfry on December 9, 2004 ("Belfry arrest").  *See* Compl., ¶ 2; Suppl. Compl., ¶ 1.

To prevail on a § 1983 claim for false arrest, a plaintiff must demonstrate that there was

no probable cause to arrest him.  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th

Cir. 1998) (per curiam).  In establishing probable cause, officers may not solely rely on the claim

of a citizen witness that he was a victim of a crime, but must independently investigate the basis

of the witness' knowledge or interview other witnesses.  *Arpin v. Santa Clara Valley Transp.*

*Agency*, 261 F.3d 912, 925 (9th Cir. 2001).  "Probable cause exists when, under the totality of

the circumstances known to the arresting officers, a prudent person would have concluded that

there was a fair probability that [the defendant] had committed a crime."  *United States v.*

*Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (quoting *United States v. Garza*, 980 F.2d 546, 550

(9th Cir. 1992)).  Probable cause does not require overwhelmingly convincing evidence, but only

"reasonably trustworthy information."  *Saucier v. Katz*, 533 U.S. 194, 207 (2001).

With regard to the El Cajon arrest, plaintiff has presented no evidence, other than his own

conclusory allegations, that the arrest was unsupported by probable cause.  *See* Objection to

Defendant's Motion for Summary Judgment ("Pl.'s Objs.")(docket no. 98).  That arrest was

effected pursuant to a citizen's complaint to the Davis Police Department after plaintiff refused

to leave his property.  *See* Defs.' Mot. for Summ. J., Attach. 2, Decl. of Keirith Briesenick

("Briesenick Decl."), ¶ 3, 11, and Ex. B thereto; Defs.' Stmt. of Undisp. Facts ("SUF"), 11.[8]  The

property owner had considered renting plaintiff a room earlier that day, but later decided against

it after discussing the possibility with the other renter.  Briesenick Decl., ¶ 5.  When the owner

---

[8]  Plaintiff did not submit a statement of undisputed or disputed facts in connection with his objections (i.e., opposition) to defendant's motion for summary judgment.

returned to the property to inform plaintiff of his decision, plaintiff refused to leave.  The property owner called the Davis police, who arrived on the scene and interviewed the owner and plaintiff.  Briesenick Decl., ¶¶ 4-6; SUF 5, 6, 42.  Plaintiff insisted the owner had agreed to rent him the room, but the owner denied any such agreement.  Briesenick Decl., ¶¶ 6, 7.  Plaintiff persisted in his refusal to leave the premises, and after being escorted out of the residence, tried to push his way back in.  Briesenick Decl., ¶¶ 4-6; 10-11; SUF 8, 9, 10, 42.  The officers then took plaintiff into custody pursuant to the citizen's arrest.  Briesenick Decl., ¶¶ 3, 11; Ex. B thereto; SUF 11, 12.  Plaintiff was cited for trespassing pursuant to Cal. Pen. Code § 602 and for willfully resisting, delaying, or obstructing a peace officer pursuant to Cal. Pen. Code § 148(a).  Briesenick Decl., ¶¶ 11-12; Ex. B thereto; SUF 13.

Although it is unclear why the property owner effected a citizen's arrest rather than having the officers arrest plaintiff, there was nonetheless probable cause for the arrest.  The arresting officers were summoned to the property by the owner after plaintiff refused to leave.  Briesenick Decl., ¶¶ 2-3, 5; Ex. A thereto; SUF 1, 2, 6.  Upon the officers' arrival at the property, plaintiff persisted in his refusal to leave, and the officers took plaintiff into custody pursuant to the owner's citizen's arrest of plaintiff.  Under these circumstances, a reasonable person in the officers' position would have believed there was a "fair probability" that plaintiff was trespassing on the owner's property in violation of Cal. Pen. Code § 602(m) (a person commits a trespass if he or she willfully enters and occupies the real property or structures of any kind without the consent of the owner).  Plaintiff has presented no evidence to the contrary.  Accordingly, defendant is entitled to judgment as a matter of law on this claim.

Similarly, plaintiff has presented no evidence establishing a lack of probable cause for the Mansion Square arrest or The Belfry arrest.  With regard to both arrests, the evidence presented by defendant shows that plaintiff was arrested for trespassing at both places after he refused to leave.  Plaintiff makes conclusory allegations that the arrests were unlawful because both places were public.  *See* Pl.'s Objs. (docket no. 98).  However, he points to no specific facts

contradicting defendant's evidence that plaintiff had been previously barred from both places.

"[P]remises are not open to the public with regard to a particular individual when that person has previously been barred from the property." *James v. City of Long Beach*, 18 F. Supp. 2d 1078, 1085 (C.D. Cal. 1998) (citing *Picray v. Sealock*, 138 F.3d 767, 772 (9th Cir. 1998)). In *James*, the court found that under the totality of the circumstances, an officer had probable cause to believe the plaintiffs were committing trespass in violation of Cal. Pen. Code § 602(n) where they had been previously barred from the property.[9]

Here, the police had probable cause to arrest plaintiff at the Mansion Square business park because plaintiff had been previously barred from that property in August 2003. Defs.' Mot. for Summ. J., Attach. 3, Decl. of Paul Doroshov ("Doroshov Decl."), ¶¶ 3-7, Ex. A thereto; SUF 14-17. When plaintiff returned there in January 2004, a business park merchant informed the Davis police that plaintiff was there in violation of the owner's wishes. Defs.' Mot. for Summ. J., Attach. 5, Decl. of Gutierrez ("Gutierrez Decl."), ¶¶ 3-4; Ex. A thereto. Officers were dispatched to the property and when they arrived on the scene, they reminded plaintiff that he had been previously banned from the premises and asked him to leave. Gutierrez Decl, ¶¶ 3-5, Ex. A thereto; SUF 19-21. When plaintiff refused to leave, he was arrested. Gutierrez Decl, ¶¶ 3-5; SUF 22.

Although plaintiff was not ultimately convicted of trespassing at Mansion Square, *see* Sarno Decl., Exs. F, G, that is of no moment given the facts before the court. The ultimate inquiry for purposes of probable cause is "not whether [plaintiff] was trespassing . . . [r]ather, it is whether a reasonable officer had probable cause to think he could have been." *Blankenhorn v. City of Orange*, 485 F.3d 463, 475 (9th Cir. 2007) (citing *Tobias v. County of Putnam*, 191 F. Supp. 2d 364, 374 (S.D.N.Y. 2002) ("Whether or not the criminal trespassing charge would have

---

[9] Section 602(n) was amended in 2003 to add subdivision (h) and subdivision (n) was renumbered to subdivision (o). Current section 602(o) makes it a misdemeanor to refuse to leave "land, real property, or structures belonging to or lawfully occupied by another and not open to the general public." Cal. Pen. Code § 602(o).

1  led to an indictment or a conviction is of no moment. It is sufficient for the officer defendants to

2  show that they had arguable probable cause to believe that [the section 1983 plaintiff] was

3  committing a trespass.")).  The Court in *Blankenhorn* concluded there was probable cause to

4  arrest the § 1983 plaintiff for trespassing under California law where the plaintiff had previously

5  been banned from the mall property, and both the officers and plaintiff were aware of that fact.

6  *See Blankenhorn*, 485 F.3d at 472-73, 475 (noting that former § 602(n) does not provide that a

7  request to leave be contemporaneous with the trespass).

8       As in *Blankenhorn*, the plaintiff in this case had been banned from the property, the

9  arresting officers were aware of that fact, they reminded plaintiff of it, and based on his refusal to

10 leave, arrested him for trespassing.  Plaintiff has pointed to no facts or evidence contradicting

11 this evidence or otherwise raising an issue as to probable cause.

12      Similarly, on December 9, 2004, the Davis police responded to a call from The Belfry, a

13 ministry for young adults, regarding a suspect who refused to leave the building.  Defs.' Mot. for

14 Summ. J., Attach. 4, Decl. of Glenn Glasgow ("Glasgow Decl."), ¶¶ 3-4, Ex. A thereto; SUF 35.

15 Dispatch officers informed the arresting officer that plaintiff was advised the previous Sunday

16 that he was not to return to the premises.  Glasgow Decl., ¶ 4, Ex. A; SUF 36.  Upon arriving at

17 The Belfry, the pastor advised the arresting officer that the meeting plaintiff wished to attend

18 was for board members and was not open to the public, and that plaintiff refused to leave.

19 Glasgow Decl., ¶¶ 6, 9; SUF 38.  When the officer advised plaintiff to leave, plaintiff refused

20 and was arrested for trespassing.  Glasgow Decl., ¶¶ 9, 10; SUF, 39-40.

21      Under these circumstances, a reasonable person in the officers' position would have

22 believed there was a "fair probability" that plaintiff was trespassing.  Plaintiff has pointed to no

23 specific facts to contradict this conclusion, and has thus failed to meet his burden to show that a

24 constitutional violation occurred.  Based on the foregoing, defendant is entitled to summary

25 judgment on plaintiff's false arrest claims.

26 ////

### b.  Search Incident to Arrest at The Belfry

In connection with the arrest at The Belfry, plaintiff alleges that he was searched without probable cause.  Suppl. Compl., ¶ 1.  However, as discussed above, the arrest of plaintiff at The Belfry was lawful.  Accordingly, a search of plaintiff's person incident to the lawful arrest was per se reasonable.  *See United States v. Robinson*, 414 U.S. 218, 235 (1973); *Chimel v. California*, 395 U.S. 752, 762-63 (1969); *United States v. Gonzalez-Rodriguez*, 513 F.2d 928, 931 (9th Cir. 1975) ("[I]t is reasonable for the arresting officer to search the person arrested.").  Plaintiff has presented no evidence to show that this search was anything other than a search incident to a lawful arrest.  Accordingly, defendant is entitled to summary judgment on this claim.

### c.  Threats Regarding Arrests

In addition to his allegations of false arrest, plaintiff alleges that various Davis police officers made "threats of false arrest/kidnap" on several occasions.  *See* Compl., p. 4-6, ¶¶ 1-6.  Even assuming the threatened arrests would have been unconstitutional, a "threat to do an act prohibited by the Constitution is [not] equivalent to doing the act itself."  *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).  Plaintiff has not elucidated which federal right he believes was implicated by such threats.  Moreover, he has failed to establish an actual deprivation of a protected right.  *See Gaut*, 810 F.2d at 925.  Accordingly, defendants are entitled to summary judgment on plaintiff's § 1983 claims for "threats of false arrest."

### d.  Excessive Force Claim

Plaintiff alleges that the Davis police used excessive force in effecting his arrest at the Nugget Market in June 2004.  Compl., p. 3, ¶ 6.  Plaintiff was arrested for trespassing, and when the officers attempted to handcuff him, plaintiff pulled away and resisted.  Defs.' Mot. for Summ. J., Attach. 7, Decl. of Rod Rifredi ("Rifredi Decl."), ¶¶ 3-4; SUF 24-26.  During the struggle to handcuff him, plaintiff was taken to the ground and eventually handcuffed.  Rifredi Decl., ¶ 6; SUF 26-27.  Plaintiff was charged with trespassing and resisting arrest pursuant to

1   Cal. Pen. Code § 148(a)(1).[10]  Rifredi Decl., ¶ 8; Defs.' Mot. for Summ. J., Attach. 8, Decl. of

2   Alvina Tzang ("Tzang Decl."), ¶¶ 3-4, Ex. A thereto; SUF 29.  Plaintiff was subsequently

3   convicted by a jury of obstructing or intimidating business operators or customers, and of

4   resisting arrest pursuant to Cal. Pen. Code § 148(a)(1).  Tzang Decl., ¶¶ 6-7, and Ex. B thereto;

5   Ex. B to Sarno Decl.; SUF 31.

6        Defendant argues that plaintiff's claim for excessive force is barred under *Heck v.*

7   *Humphrey*, 512 U.S. 477, 486-87 (1994), because that claim necessarily implicates the validity

8   of his conviction for resisting arrest.  "*Heck* says that 'if a criminal conviction arising out of the

9   same facts stands and is fundamentally inconsistent with the unlawful behavior for which section

10   1983 damages are sought, the 1983 action must be dismissed."  *Smith*, 394 F.3d at 695 (quoting

11   *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)).  "The relevant question is whether

12   success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of

13   the earlier conviction or sentence under § 148(a)(1)."  *Id.* (quoting *Heck*, 512 U.S. at 487).

14        Here, following a jury trial, plaintiff was convicted for resisting arrest.  *See* Tzang Decl.,

15   ¶¶ 4-7; Ex. B thereto.  His suit here claims that there was no probable cause to support the arrest

16   on that ground.  Obviously, the conviction implies that force was necessary to effect the arrest

17   and any claim to the contrary here necessarily implies the invalidity of that conviction.  The

18   question here raises the subtlety between the prior judgment (i.e. the conviction) that plaintiff

19   resisted and some force was necessary, and the allegation in this case that the force used was

20   greater than that reasonably necessary.  Although the Ninth Circuit held in *Smith v. City of*

21   *Hemet*, that a § 1983 action for excessive force is not necessarily barred by *Heck*, that holding

22

---

23       [10]  Section 148(a)(1) provides: "Every person who willfully resists, delays, or obstructs

24   any . . . peace officer . . . in the discharge or attempt to discharge any duty of his or her office or
employment, . . . shall be [guilty of a misdemeanor]." *Smith v. City of Hemet*, 394 F.3d 689, 694

25   (9th Cir. 2005) (quoting Cal. Pen. Code  § 148(a)(1)). Under California law, persons who violate
§ 148(a)(1) in a number of respects in the course of a single incident may be charged and

26   convicted only once. *Smith*, 394 F.3d at 699 n.5 (citing *People v. Simon*, 21 Cal. App. 88, 131 P.
102 (Cal. Ct. App. 1913)).

was predicated in part on the fact that the plaintiff's conviction in that case was pursuant to a plea rather than a trial. *Smith*, 394 F.3d at 693, 699, n. 5. The Court recalled its holding in *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001), that a § 1983 action is "not barred by *Heck* unless the alleged excessive force occurred *at the time* the offense under § 148(a)(1) was being committed." *Smith*, 394 F.3d at 699 (emphasis in original) (noting that success in § 1983 case for excessive force *subsequent* to an arrest would not invalidate a conviction under § 148(a)(1)).

In *Smith*, the plaintiff pled guilty to resisting arrest rather than being convicted at trial and the Court was unable to determine the factual basis for the conviction. The Court reasoned that "the excessive force may have been employed against him *subsequent* to the time he engaged in the conduct that constituted the basis for his conviction [under § 148(a)(1)]," and it was therefore "entirely possible that . . . his plea was based on only those actions . . . prior to, rather than at the time of, the arrest." *Id.* at 699, n. 5.

The Court noted that such a possibility would not be at issue where a plaintiff was convicted by a jury for violating § 148(a)(1). Where a defendant is charged with a single-act offense such as § 148(a)(1), but there are multiple acts involved, each of which could serve as the basis for a conviction, "a jury does not determine which specific act or acts form the basis of the conviction." *Id.* at 699, n. 5 (citing *People v. McIntyre*, 115 Cal. App. 3d 899, 910-11 (Cal. Ct. App. 1981)). Because the jury must only agree that a culpable act occurred on the relevant date, "the exact time or sequence in relation to the [offense] is not material." *Id.* (quoting *McIntyre*, 115 Cal. 3d at 910-11). "Thus, the jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would '*necessarily* imply the invalidity of his conviction.'" *Id.* at 699, n. 5 (citing *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1410 (Cal. Ct. App. 2002)) (emphasis in original).

////

16

1    Because plaintiff was convicted at trial, by a jury, for violating § 148(a)(1) in connection

2    with his arrest for trespassing at the Nugget Market, his claim for excessive force in connection

3    with that arrest is barred under *Heck*, and defendant's motion for summary judgment on that

4    claim must be granted.

5                                    **e. Discrimination Claim**

6            Plaintiff's complaint and its addendum are strewn with allegations that Davis police

7    officers have committed "invidious," "intentional" and/or religious discrimination against him –

8    a "party of one." *See, e.g.,* Compl., ¶¶ 2, 6; Suppl. Compl., ¶¶ 2-3 .  In connection with these

9    allegations, plaintiff cites *Olech v. Willowbrook*, 160 F.3d 386 (7th Cir. 1998), in which the

10   Court found that plaintiffs had stated a claim pursuant to the equal protection clause of the

11   Fourteenth Amendment "when a powerful public official pick[ed] [on them] out of sheer

12   vindictiveness." *Id.* at 387.  The gist of plaintiff's allegations in this regard is that his frequent

13   arrests are motivated by defendant's "vindictiveness" toward him, rather than by his own

14   actions.

15           To maintain an action under the equal protection clause for selective law enforcement or

16   discriminatory prosecution, the following showing is required: (1) that others are generally not

17   prosecuted for the same conduct; and (2) the decision to single out the defendant was based upon

18   impermissible grounds such as race, religion, or the exercise of constitutional rights.  *See Church*

19   *of Scientology v. Commissioner of Internal Revenue*, 823 F.2d 1310, 1320-21 (9th Cir. 1987),

20   *cert. denied*, 486 U.S. 1015 (1988); *see also United States v. Dumas*, 64 F.3d 1427, 1431 (9th

21   Cir. 1995) ("Equal protection is violated when the decision to prosecute is based upon

22   impermissible factors such as race.").

23           Plaintiff has presented no evidence that others in Davis are not prosecuted for

24   trespassing, nor has he pointed to any evidence that the officers' decisions to arrest him were

25   based on any other grounds than plaintiff's violating the law.  To the contrary, defendant has

26   presented evidence that the officers who arrested plaintiff in connection with the incidents

discussed above, did so only for that legitimate purpose. *See, e.g.,* Glasgow Decl., ¶ 11 (declaring that, as to The Belfry arrest, he arrested plaintiff only "because he was on the property of another person without their consent"); Briesenick Decl., ¶ 13 (declaring that the only reason he arrested plaintiff in connection with the El Cajon arrest was because he was on the property of another person without their consent); Gutierrez Decl., ¶ 8 (declaring that the only reason plaintiff was arrested was because he was on another's property without their consent and refused to leave). Plaintiff has submitted no evidence to contradict these statements and he has failed to meet his burden in opposing this motion. *Anderson*, 477 U.S. at 248. Indeed, the evidence overwhelmingly demonstrates that the police officers arrested plaintiff when they concluded he violated the law. In the absence of evidence to the contrary, defendant is entitled to summary judgment.

### f. Attack by Inmate

Plaintiff alleges that while he was incarcerated in the Yolo County Detention Center, he was housed with a felony offender who attacked him. Suppl. Compl., ¶ 3. The offense for which he was incarcerated at the time is unclear. In any event, plaintiff seems to allege that the injuries he sustained from that attack are attributable to the City as they flowed from his "unjust incarceration." *Id.*

Plaintiff does not elucidate the theory under which he seeks to hold the city liable for these injuries, and the court will not provide one for him. Moreover, plaintiff has failed to present any evidence that defendant was responsible for placing him in that particular cell or that it was even aware of the danger to him. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment if they are deliberately indifferent to a risk of harm at the hands of other prisoners; the official must know of a risk of harm and fail to take reasonable actions to mitigate or eliminate that risk.).

Here, plaintiff does not point to any evidence showing that defendant knew plaintiff would incur injuries when placed with his cellmate. Nor does he show that defendant was even

1  responsible for making that particular housing decision.  Indeed, the City does not participate in

2  the operation of the Yolo County Detention Center and had no role in assigning plaintiff to a

3  particular cell.  *See* Defs.' Mot. for Summ. J., Attach. 6, Decl. of Steve Pierce, ¶ 3; SUF 47.

4  Accordingly, defendant is entitled to summary judgment on this claim.

### g. Alleged Damage to Plaintiff's Reputation

6      Plaintiff makes additional claims under § 1983, alleging that the actions of the Davis

7  police officers damaged his reputation and impaired his ability to maintain a living.  *See* Compl.,

8  p. 3, ¶ 6; p. 5, ¶ 6; p. 8, ¶¶ 3-4, 6; Suppl. Compl. p. 2, ¶ 2.  In particular, plaintiff alleges that

9  defendant slandered his name in connection with his arrest and trial for the 2004 Nugget Market

10  incident, that employees of the Davis summer youth program slandered his name "in front of

11  kids" by ordering him to leave and referring to previous arrests, and that defendant's alleged

12  slander resulted in the revocation of his real estate license.

13      "[R]eputation, without more, is not a protected constitutional interest."  *WMX Techs., Inc.*

14  *v. Miller,* 197 F.3d 367, 374 (9th Cir. 1999).  Damage to reputation is not actionable under

15  § 1983 unless it is accompanied by loss of a constitutionally-protected property or liberty interest

16  in conjunction with the alleged injury to reputation.  *See Cooper v. Dupnik*, 924 F.2d 1520, 1532

17  (9th Cir. 1991) (citing *Vanelli v. Reynolds School Dist. No.*, 667 F.2d 773, 777-78 (9th Cir.

18  1982)).  A plaintiff may allege either that the injury to reputation was inflicted in connection

19  with a federally-protected right; or (2) that the injury to reputation caused the denial of a

20  federally- protected right.  *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645

21  (9th Cir. 1999).

22      Plaintiff has failed to allege that the summer camp employees were city employees.

23  Neither has he presented evidence that their statements were made in connection with any

24  constitutional right, or otherwise resulted in the denial of a federally-protected right.  With

25  regard to his claims regarding revocation of his real estate license, plaintiff presents no evidence

26  that defendant was in any way connected with that event.  In fact, based on the evidence

submitted by defendant, plaintiff's real estate license was revoked pursuant to a decision of the Acting Real Estate Commissioner, which was based on plaintiff's convictions in 2003 for crimes of moral turpitude, i.e, convictions based on an altercation on a public bus.  *See* Exs. C and D to Sarno Decl.; SUF 48.[11]  The administrative law judge found that plaintiff's crimes and other course of conduct were inapposite to the qualifications and duties of a real estate licensee and that his license should be revoked on that basis.  *Id.*

To the extent plaintiff alleges his conviction in connection with the Nugget Market arrest constitutes defamation, plaintiff's claim is *Heck*-barred.  Plaintiff would have to show that the conviction was wrongful in order to make out any kind of claim for defamation.  He has failed to make that showing.

Because there is no evidence that defendant's employees defamed plaintiff in connection with any constitutional right, or that such action resulted in the deprivation of a constitutional right, defendant's motion for summary judgment as to this claim should be granted.  Further, because a defamation claim in connection with plaintiff's conviction for trespassing and resisting arrest at the Nugget Market in 2004 are barred under *Heck*, summary judgment in defendant's favor is appropriate on this basis as well.

### h.  Claims Alleging Denial of Fair Trial Are *Heck* barred

Plaintiff alleges that various Davis police officers perjured themselves during plaintiff's trial for charges stemming from the Nugget Market incident, thereby violating his right to a fair trial under the Sixth Amendment.  Plaintiff's section 1983 claim for such alleged conduct is barred under *Heck*.  As previously explained, a plaintiff cannot bring a § 1983 claim for an unconstitutional conviction unless the conviction has been reversed, expunged or invalidated.

---

[11]  The administrative law judge's decision references plaintiff's arrest by Woodland police officers in 2003, and his subsequent conviction for violating Cal. Pen. Code § 602.1 (interfering with lawful business of public agency); Cal. Pen. Code § 148(a)(1) (resisting or obstructing a police officer); and Cal. Pen. Code § 243.3 (battery against a public transit passenger).  *See* Defs.' Mot. for Summ. J., Decl. of Sarno in Supp. Thereof, Ex. C, pp. 2, 5; Ex. D, p. 3, 5-6.

*Heck*, 512 U.S. at 486-87.  Plaintiff's claim of an unfair trial "necessarily implies" the validity of his conviction.  Plaintiff has presented no evidence that the conviction has been reversed, expunged or invalidated.  Accordingly,  defendant's motion for summary judgment must be granted as to this claim.  *Anderson*, 477 U.S. at 248

### 2. <u>No Municipal Liability</u>

Finally, defendant is entitled to summary judgment because plaintiff has failed to demonstrate that the incidents at issue were the result of an official policy or custom attributable to defendant.

Since there is no respondeat superior liability under § 1983, counties and municipalities may be held liable under § 1983 only upon a showing that the municipality inflicted the alleged constitutional tort.  *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978); *Gibson v. County of Washoe*, 290 F.3d 1175, 1185 (9th Cir. 2002).

A plaintiff can establish municipal liability in one of three ways. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).  "First, the plaintiff may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity.'"  *Id.* (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). Second, the plaintiff may show that the individual who committed the constitutional tort was an official with final policy-making authority such that the alleged tort itself constituted an act of official governmental policy.  *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986)) (internal quotations omitted).  Third, the plaintiff may establish that such an official ratified a subordinate's unconstitutional act.  *Id.* at 1346-47 (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-24 (1988) (plurality opinion)).

"After proving that one of the three circumstances existed, a plaintiff must also show that the circumstance was (1) the cause in fact and (2) the proximate cause of the constitutional

1  deprivation." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir.1981); *see also*

2  *City of Springfield v. Kibbe*, 480 U.S. 257, 266-68 (1987) (discussing causation requirement in

3  section 1983 municipal liability cases)." *Id.*

4      As discussed above, plaintiff has failed to present evidence in support of his claims that

5  defendant violated his constitutional rights.  Even assuming he had, plaintiff provides no

6  evidence showing a governmental policy or custom promulgated by defendant that caused the

7  alleged deprivations.  Rather, plaintiff makes vague allegations that defendant's officers are

8  corrupt, malicious and generally out to get him.  *See, e.g.,* Compl., ¶¶ 1, 2, 4; Suppl. Compl.,

9  ¶¶ 3, 4.

10     Plaintiff cannot demonstrate that any of the individual officers who arrested him during

11  the incidents at issue were officials with "final policy-making authority."  *Gillette*, 979 F.2d at

12  1346.  The Ninth Circuit has refused to hold that rank-and-file police officers are "officials with

13  final policy-making authority." *Christie v. Iopa*, 176 F.3d 1231, 1237 (9th Cir. 1999) (citing

14  *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996) ("The police officers who shot Bahena were

15  not 'officials with final policy-making authority' and they were not ordered to shoot by the

16  police chief, the City Council or anyone else possessing final policy-making authority.") and *Los*

17  *Angeles Police Protective League v. Gates*, 907 F.2d 879, 882-83, 890 (9th Cir. 1990) (stating a

18  similar proposition)).  Neither has plaintiff presented any evidence that an official with

19  policymaking authority ratified a subordinate's unconstitutional act.

20     Although plaintiff has submitted an untimely affidavit stating that the "mayor and council

21  members" of Davis have failed to do anything to prevent, or remedy or correct the "violative

22  acts" referenced in the complaint, these unsupported, conclusory allegations are insufficient to

23  defeat defendant's motion for summary judgment.  *See* Pl.'s Objs. (docket no. 98).

24     Indeed, as discussed above, the Davis Police officers had probable cause to arrest

25  plaintiff on the incidents at issue.  Plaintiff has presented no evidence showing that the officers

26  arrested plaintiff for any reason other than his having committed a crime, and certainly no

22

1   evidence of an official policy, custom, or established pattern and practice of arresting without

2   probable cause.  Accordingly, he has failed to meet his burden of opposing summary judgment

3   on this ground as well. *Anderson*, 477 U.S. at 248.  Furthermore, his failure to establish this

4   element is fatal to all of his claims under section 1983.  A complete failure of proof on an

5   essential element to a cause of action renders all others immaterial.  *Celotex*, 477 U.S. at 322-23.

6   Accordingly, defendant's motion for summary judgment should be granted in its entirety.

7   **IV.  CONCLUSION**

8           In accordance with the foregoing, IT IS RECOMMENDED that:

9           1.  Defendant's motion for summary judgment be granted in its entirety, and judgment be

10  entered in its favor; and,

11          2.  The Clerk be directed to close this case.

12          These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10)

14  days after being served with these findings and recommendations, any party may file written

15  objections with the court and serve a copy on all parties.  Such a document should be captioned

16  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17  shall be served and filed within ten (10) days after service of the objections.  The parties are

18  advised that failure to file objections within the specified time may waive the right to appeal the

19  District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

20  951 F.2d 1153, 1157 (9th Cir. 1991).

21  DATED:  February 25, 2008.

22

23                                  EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE

24

25

26