IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH A. SHERMAN,

          Plaintiff,                 No. CIV S-04-2320 LKK EFB PS

      vs.

CITY OF DAVIS,                   ORDER

          Defendant.

_____/

This case, in which plaintiff was proceeding pro se, was closed on March 26, 2008.

Judgment was entered on that date, pursuant to an order granting defendant's motion for

summary judgment.  The court foregoes a recitation of the factual and procedural background of

this case, which was set forth fully in the magistrate judge's findings and recommendations dated

February 26, 2008.  *See* Docket no. 105.

On March 28, 2008, plaintiff filed a motion for relief from judgment pursuant to Rule

60(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  That motion seeks, in the

alternative, to alter the judgment pursuant to Fed. R. Civ. P. 59(e).  Plaintiff filed an affidavit in

support of his motion, as well as a document entitled, "Complaint & Renewed Motion for

Temporary Restraining Order Pursuant to Additional Violative Acts & Failure to Protect."

1

1   Defendant filed a response to both motions on April 7, 2008.[1]  As set forth below, plaintiff's

2   motions are denied.

3   Motion for Relief from Judgment

4         Pursuant to Fed. R. Civ. P. 60(b)(6), a court may relieve a party from a final judgment,

5   order, or proceeding for any "reason that justifies relief."

6          "This Rule has been used sparingly as an equitable remedy to prevent manifest injustice.

7   The rule is to be utilized only where extraordinary circumstances prevented a party from taking

8   timely action to prevent or correct an erroneous judgment."  Greenawalt v. Stewart, 105 F.3d

9   1268, 1273 (9th Cir. 1997) (citing United States v. Alpine Land & Reservoir Co., 984 F.2d 1047,

10  1049 (9th Cir. 1993)) (internal quotations omitted).  "Rule 60(b)(6) relief normally will not be

11  granted unless the moving party is able to show both injury and that circumstances beyond its

12  control prevented timely action to protect its interests."  Alpine Land & Reservoir Co., 984 F.2d

13  at 1049.  Plaintiff has shown neither.

14        Here, plaintiff argues that he is entitled to judgment in his favor because he "furnished

15  [the] Court with more than enough legal argument & evidence in the prematurely filed plaintiff's

16  pretrial statement" to prevail on the merits of his claims.  He further asserts that the court should

17  have granted judgment in his favor because "factual allegations in the complaint must be

18  accepted as true."  Plaintiff misunderstands the standards and burdens applicable to motions for

19  summary judgment.  His papers show that he merely disagrees with the court's ruling.[2]  As such,

20  he has failed to demonstrate extraordinary circumstances that would justify relief from judgment.

21  Accordingly, plaintiff's Rule 60(b)(6) motion is DENIED.

22

23        [1] Defendant's response is merely an acknowledgment of the filing and a notice that it
24  would not respond to plaintiff's filings unless directed to do so by the court.

25        [2] The court has reviewed the document entitled, "Additional Affidavit Evidence in
    Support of Relief from Judgment."  It rehashes many of the allegations in the complaint, and
26  includes several new allegations concerning plaintiff's run-ins with the defendant.  None of the
    allegations contained in this document justifies relief from judgment.

1   Motion To Alter the Judgment

2          Although motions to reconsider are directed to the sound discretion of the court, Frito-

3   Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of

4   judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party

5   seeking reconsideration of a district court's order must brief the "new or different facts or

6   circumstances [which] were not shown upon such prior motion, or what other grounds exist for

7   the motion."  E.D. Cal. L.R. 78-230(k)(3).  The rule derives from the "law of the case" doctrine

8   which provides that the decisions on legal issues made in a case "should be followed unless there

9   is substantially different evidence . . . new controlling authority, or the prior decision was clearly

10   erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d

11   391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.

12   denied, 475 U.S. 1064 (1986).

13          Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or

14   amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the

15   unsuccessful party to "rehash" arguments previously presented, or to present "contentions which

16   might have been raised prior to the challenged judgment."  Costello v. United States, 765 F.

17   Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.

18   1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991).  These

19   holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting

20   judicial efficiency."  Costello, 765 F. Supp. at 1009.

21          Here, again, plaintiff moves the court to reconsider and alter its order granting

22   defendant's motion for summary judgment merely because he disagrees with the ruling.  Plaintiff

23   points to no "new or different facts or circumstances" that justify vacating this court's previous

24   grant of summary judgment in defendant's favor.  E.D. Cal. L.R. 78-230(k)(3).  Accordingly,

25   plaintiff's Rule 59(e) motion is DENIED.

26

3

1   Complaint and Renewed Motion for a Temporary Restraining Order

2        Plaintiff has also filed a " renewed motion for a TRO" based on allegations that defendant

3   continues to violate plaintiff's constitutional rights.  In this document, plaintiff appears to allege

4   new claims against defendant, requests a restraining order to prevent "future violative acts" of

5   harassment and kidnaping.

6        If plaintiff wishes to initiate a new civil action concerning allegations different from those

7   adjudicated in this case, he is, of course, free to do so.  He cannot, however, litigate such claims

8   in this closed case.  Likewise, to the extent plaintiff seeks a restraining order to enjoin current

9   violations of law not adjudicated in this action, he may open a new civil action to accomplish that

10  goal.  The court cannot reopen the case to adjudicate plaintiff's request for injunctive relief.

11       To prevail on a motion for temporary restraining order, as with a preliminary injunction,

12  the moving party bears the burden of demonstrating either 1) a combination of probable success

13  on the merits and the possibility of irreparable injury or 2) the existence of serious questions as to

14  success on the merits and irreparable injury along with a sharp tipping of the balance of hardships

15  in the moving party's favor.  See Sammartano v. First Judicial District Court, 303 F.3d 959, 965

16  (9th Cir. 2003); Rodde v. Bonta, 357 F.3d 988, 994 (9th Cir. 2004).

17       Here, plaintiff has already lost on the merits, thus precluding any injunctive relief.  To the

18  extent plaintiff seeks a restraining order to enjoin conduct not adjudicated in this case, he must

19  initiate a new civil action to accomplish that goal.  Based on the foregoing, plaintiff's motion for

20  a temporary restraining order is DENIED.

21  DATED:   April 25, 2008.

22

23

24                                        LAWRENCE K. KARLTON
                                          SENIOR JUDGE
25                                        UNITED STATES DISTRICT COURT

26